BRUNOT, J.
 

 This is an appeal from a judgment decreeing the interdiction of the appellant. The suit is brought under Civ. Code, art. 389, which we quote:
 

 “No person above the age of majority, who is subject to an habitual state of imbecility, insanity or madness, shall be allowed to take care of his own person and administer his estate, although such person shall, at times, appear to have the possession of his reason.”
 

 The right of the plaintiff to institute the suit is not questioned. The petition alleges that the defendant owns certain real property; that she is subject to an habitual state of imbecility and insanity, and that she has not the capacity and judgment to take care of her person or property. The answer denies the foregoing allegations of the petition, and charges that the suit was not actuated by a desire to serve the interests of the defendant, but by selfish, avaricious, and malicious motives on the part of the plaintiff.
 

 It is conceded that, as prerequisite to the rendition of a judgment of interdiction, it must be shown that the defendant is mentally incapable of administering his or her estate; that the defendant is unable to take care of his or her person; and that an actual necessity for the interdiction exists.
 

 It is conceded that the defendant is fifty-four years of age, and that she has been an imbecile from birth.
 

 If the three prerequisites for judgment, noted supra, are satisfactorily proven, it is the duty of the court to decree the interdiction. The motive of the plaintiff which actuated the suit is a matter requiring the serious consideration of the family meeting before recommending and of the court before appointing the curator of the interdict. It is
 
 *283
 
 of little or no value in determining the state of incapacity of the person sought to be interdicted or the existing necessity for the interdiction. In this case the judgment appealed from merely decrees the interdiction of the defendant and leaves the matter of curatorship' open for future consideration.
 

 Beyond the admitted age and imbecilaty of the defendant, the testimony in the record, which we have carefully read and considered, convinces us that, while the defendant has done certain chores in her mother’s house for years, she is devoid of initiative, and her acts are those of an automaton rather than the result of mental suggestion and direction. She does not know what property, if any, she owns; she has no conception of value, either of property or money; she prefers a silver dollar to a $5 bill; she has the mentality of an ordinary six or seven year old child; she never had the capacity to make a selection or to purchase anything whatever from the stores of the neighborhood; in fact, aside from certain household duties she has performed and the capacity to properly robe, disrobe, and conduct herself at the meal table, she has been wholly dependent upon her devoted mother for everything. It is shown that she is owner of twenty acres of land which she acquired by inheritance from her father and from which, for the past seventeen years, she has derived practically no revenue. It is shown that her mother is an aged woman and has no revenue except her pension as the widow of a Confederate veC eran. It is shown that defendant’s land, at the time this suit was tried, was worth $2,000, and, under proper management, we are of the opinion that it is capable of producing some revenue. It is shown that for seventeen years it has been in the possession of the plaintiff, and the testimony, as a whole, convinces us that, during those years, it has been used almost, if not wholly, for his personal benefit and advantage. Hence, the necessity for the appointment of a curator to the defendant seems apparent. An adult woman whose capacity is limited to the mere dressing and undressing of herself, to making up beds and sweeping floors, is not, in legal intendment, such a person as may be held capable of caring for her person. That the inmates of insane asylums perform acts of that character daily is of such common knowledge that the court may take judicial notice of the fact.
 

 We have read the cases cited by appellant’s counsel, and, if it be conceded that the reasoning in the case of Francke v. His Wife, 29 La. Ann. 302, and in the majority opinion in the case of the Interdiction of Scott Watson, 31 La. Ann. 757, be sound, the facts of this case convince us that an immediate necessity exists for the interdiction, to the end that the improvident management of defendant’s property should cease and the proper administration thereof be secured. An admitted imbecile, who is incapable of transacting business of any kind whatever, whose capacity otherwise is limited' to the performance of menial acts such as are the daily task of confined insane persons, who is wholly dependent for support upon an aged and practically indigent mother, and whose property is in possession of another, and is being utilized for the benefit'and advantage of that person, is, in our opinion, a proper subject for interdiction. This opinion is not at variance with the authorities relied upon by defendant, but comes within the doctrine announced in those cases.
 

 For the reasons stated, the judgment appealed from is affirmed at appellant’s cost.