187 La. 968

## In re CORBIN.

### No. 34364.

Supreme Court of Louisiana.

May 24, 1937.

Rehearing Denied June 21, 1937.

Elder & Elder, of Ruston, for appellant Pearl Corbin.

Charles E. Barham and Truett L. Scarborough, both of Ruston, for appellee.

PONDER, Justice.

In this suit the plaintiff seeks to interdict his grandfather, Frank Corbin. Plaintiff alleges in his petition that he is a resident of Arkansas and the only living relative of Frank Corbin; that Frank Corbin is a resident of Lincoln parish, La.; that Frank Corbin owns real and personal property within the jurisdiction of the court; that Frank Corbin is subject to a habitual state of insanity and imbecility and is not capable of taking care of his property; that Frank Corbin should by judgment be declared incapable of taking care of his property or his person and should be interdicted; and that a curator and under-curator should be appointed to take care of his person and manage his estate.

The defendant admits in his answer that he is a resident of Lincoln parish, but denies all the other allegations of plaintiff's petition. Answering further, the defendant alleges that the plaintiff left the state twenty years ago and has ever since resided in the state of Arkansas; that during the twenty years, the plaintiff has never written to the defendant nor visited him nor shown any interest, love, or affection whatever toward the defendant. There are other allegations in the answer that are not pertinent to the decision herein.

At the trial of the case, nineteen witnesses testified for the plaintiff, all whom were lay witnesses except two physicians, and eighteen witnesses testified in behalf of the defendant, all of whom were lay witnesses except three physicians.

Upon submission of the case, the lower court rendered judgment rejecting the demands of the plaintiff, from which judgment the plaintiff appealed.

Upon examination of the record, we find that the conclusion of the facts found by the lower court as to the mental condition of the defendant is correct. The lower court in its opinion stated that it was its conclusion from a study of all the testimony and from seeing the defendant in court, both on and off the witness stand, that the defendant is mentally incapable of taking care of his property, but that he is mentally capable of taking care of his person. The court stated in its opinion that it did not see how any one could be serious and reach a different conclusion; that there was complete agreement among the witnesses that the defendant is capable of taking care of his person; that, notwithstanding his age and physical infirmities, he goes where he pleases about the place, dresses and undresses himself, serves his own food and attends to the numerous chores around the home; that the defendant is quiet, peaceable, and biddable; that he owns no property except a few head of live stock; and that no necessity exists for the interdiction. The conclusion reached by the lower court was (1) that the defendant was incapable of administering his affairs; (2) that the defendant was capable of caring for his person; and (3) that no necessity existed for the interdiction, and that these three prerequisites must exist in order to render a judgment of interdiction—namely, (1) the defendant must be mentally incapable of administering his estate, (2) unable to·take care of his person, and (3) an actual necessity for his interdiction must exist. The court held that the first prerequisite was established, but the last two prerequisites were not established and dismissed plaintiff's suit.

The testimony shows that the defendant's infirmity began in September, 1934, and was occasioned by a paralytic stroke; that on October 17, 1936, he deeded his real estate, consisting of 180 acres of land, to Dave Reed and Cleveland Robinson, husbands of his two illegitimate daughters. The consideration of·this sale was the payment of a mortgage on the property in favor of the Federal Land Bank in the sum of $900. In the deed the defendant reserved one-fourth of the mineral rights which he later sold to the same parties for $500 and other valuable consideration. It is admitted that the $500 was not paid. There is testimony in the record which shows that, in lieu of the payment, the purchasers took care of the defendant and his wife. The evidence shows that the purchasers of the property are still taking care of the defendant.

There is some testimony to the effect that another party is agitating the plaintiff in the suit, which we will not recite herein as it could be of no value in determining the state of incapacity of the defendant. This court in the case of Landry v. Landry, 171 La. 280, 130 So. 866, in discussing the motive of the plaintiff in instituting the suit, states, "It is of little or no value in determining the state of incapacity of the person sought to be interdicted or the existing necessity for the interdiction."

In the case of Landry v. Landry, supra, it was held that, as prerequisite to the rendition of a judgment of interdiction, it must be shown that the defendant is mentally incapable of administering his or her estate; that the defendant is unable to take care of his or her person; and that an actual necessity for the interdiction exists.

Article 422, Revised Civil Code, provides, "Not only lunatics and idiots are liable to be interdicted, but likewise all persons who, owing to any infirmity, are incapable of taking care of their persons and administering their estates. Such persons shall be placed under the care of a curator, who shall be appointed and shall administer in conformity with the rules contained in the present chapter."

There seems to be no serious contention that the lower court was in error in concluding that the defendant was incapable of administering his estate.

The contention in this case on the part of the plaintiff is that the lower court was in error in finding that the defendant was capable of taking care of his person. It was contended in the argument by counsel for the plaintiff that the evidence in this case as to the ability of the defendant to take care of his person is not in conformity with the legal intendment as to what constitutes being capable of taking care of his person; and that the inmates of the insane asylum daily perform acts similar in character to those performed by the defendant.

In the case of Landry v. Landry, supra, this court stated, "An adult woman whose capacity is limited to the mere dressing and undressing of herself, to making up beds and sweeping floors, is not, in legal intendment, such a person as may be held capable of caring for her person. That the inmates of insane asylums perform acts of that character daily is of such common knowledge that the court may take judicial notice of the fact." This case is the latest expression of this Court and reviews the previous jurisprudence of this state on the subject matter.

■ It is common knowledge that inmates of insane asylums work on farms and do many chores which this court may take judicial cognizance of.

■ The fact that the acts performed by the defendant herein are acts which inmates of insane asylums daily perform and the fact that the defendant is mentally incapable would show that the defendant herein is not capable of taking care of his person. A person who could perform the duties as testified to, herein, could dissipate all of his property and be utterly incapable of administering his affairs.

We, therefore, conclude that the defendant is incapable of caring for his person in a manner intended by law.

We now consider whether any necessity exists for the interdiction of the defendant. The evidence shows that the defendant deeded his property to the husbands of his two illegitimate daughters and the consideration being the assumption of a mortgage for $900; that the defendant retained an interest in the minerals which he later sold to the husbands of the two illegitimate daughters for $500 and it was admitted that the cash consideration was not paid; that the mortgage was paid off with the money derived from the sale of mineral rights and mineral leases on the property. It also shows that all these transactions took place while the defendant was suffering from the present infirmity occasioned by a paralytic stroke.

Since the defendant is incapable of administering his estate at the present time because of his present infirmity, it would appear that he was probably incapable of administering his estate at the time he deeded away his property.

In the case of Landry v. Landry, supra, the court held that an imbecile who was incapable of transacting business of any kind whatever, whose capacity is otherwise limited to the performance of menial acts such as are the daily tasks of confined insane persons, who is dependent for support and whose property is in the possession of another and is being utilized for the benefit and advantage of that person, is a proper subject for interdiction and such creates an immediate necessity for the interdiction.

In the instant case, we are of the opinion that a necessity exists.

For the reasons assigned, the judgment of the lower court is reversed. It is ordered, adjudged, and decreed that Frank Corbin is incapable of administering his estate and taking care of his person. The said Frank Corbin is hereby pronounced an interdict and the case remanded for further proceedings. Defendant to pay all costs.

LAND, J., dissents from the refusal to grant a rehearing.