KNOLL, Judge.
Pinkard White, Jr. brought an action for interdiction against his father, Pinkard White, Sr., alleging that because of his infirmities, he was incapable of taking care of his person and administering his estate; Pinkard Jr. also requested that he be appointed curator. The trial court granted Pinkard Sr.’s motion for a directed verdict and dismissed the suit declaring Pinkard Sr. legally and mentally competent in handling his personal and business affairs. Pinkard Jr. brings this appeal on the sole issue of whether the trial court erred in granting the motion for a directed verdict. We affirm, finding there was insufficient evidence for the interdiction of Pinkard Sr.
FACTS
The facts are undisputed. Pinkard Sr. is eighty-seven years of age and has been married three times, the third of which ended in divorce. He has three sons and four daughters, all of whom have bought land from their father. Pinkard Sr. has a sizable estate consisting mainly of land, investments in the money market, oil royalties, and rental income. He has no outstanding debts.
Pinkard Sr. had three heart attacks since August 1981, and has been hospitalized three times since January 1983. Pinkard Sr. lives with his daughter, Audrey, and assists with chores, including feeding the chickens and cutting the weeds. He shaves, bathes, dresses, and takes his medication, all without assistance.
In addition to managing his personal life, Pinkard Sr. takes care of all his business affairs. He pays his bills and signs his checks. In April 1983, he sold Audrey an undivided one-half interest in approximately eight acres of land for $20,000 plus 7% interest. She pays him in monthly installments.
Pinkard Sr. executed a general power of attorney in favor of Audrey in January 1983, but later revoked it. He has since executed another general power of attorney in Audrey’s favor but she has never exercised it.
Three family members testified that Pin-kard Sr. has been “slow about remembering things” since he had his first heart *55 attack. Pinkard Jr. testified that: his father had problems remembering things and recognizing people; he would start a conversation and could not finish it; and he repeated things over and over. In addition, Pinkard Jr. said his father did not understand what he was signing when he granted Audrey the power of attorney.
Dr. Thomas G. Latour, a court-appointed psychiatrist, examined Pinkard Sr. and opined that he had no psychological disorder. Dr. Latour felt Pinkard Sr. was mentally and legally competent to conduct his own business affairs and manage his own life. Although Pinkard Sr. did not recognize Dr. Latour at the trial, Dr. Latour explained that this was not unusual for a man Pinkard’s age because a person’s recent memory is usually affected by the aging process. After observing Pinkard Sr. during the trial and listening to his testimony, Dr. Latour again opined that he felt Pinkard Sr. was capable of fulfilling his legal responsibilities and managing his own affairs. Dr. Latour further stated that if he compared Pinkard Sr. to a group of 100 people who were 86 years old, Pin-kard Sr. would probably be in the upper 10% in terms of mental functioning, memory, and thought processes.
The Louisiana Civil Code sets forth two causes which compel the interdiction of a person and the appointment of someone to manage his estate, which are as follows:

Article 389.

“No 'person above the age of majority, who is subject to an habitual state of imbecility, insanity or madness, shall be allowed to take care of his own person and administer his estate, ...”

Article 422.

“Not only lunatics and idiots are liable to be interdicted, but likewise all persons who, owing to any infirmity, are incapable of taking care of their persons and administering their estates. ”

In interpreting these articles, the Louisiana Supreme Court stated that as prerequisite to the rendition of a judgment of interdiction, it must be shown that the person to be interdicted is mentally incapable of administering his or her estate and unable to take care of his or her person. Matter of Fabre, 371 So.2d 1322 (La.1979); Interdiction of Scurto, 188 La. 459, 177 So. 573 (1937). Moreover, reviewing courts have required a third element — a showing that an actual necessity for the interdiction exists. Doll v. Doll, 156 So.2d 275 (La.App. 4th Cir.1963); In re Corbin, 187 La. 968, 175 So. 636 (1937); Landry v. Landry, 171 La. 280, 130 So. 866 (1930).
Our jurisprudence recognizes that mental infirmities vary greatly in nature and degree, thus, each interdiction must depend upon its own particular facts. Interdiction is a harsh remedy and should be pronounced only where the proof is clear and conclusive. In re Adams, 209 So.2d 363 (La.App. 4th Cir.1968). In an interdiction proceeding the plaintiff has the burden of establishing the incapacity of the defendant to care for himself and his property. In re Ohanna, 230 La. 384, 88 So.2d 665 (1956).
In a well reasoned and considered opinion, the trial court stated:

“After considering all the evidence in the case, the Court finds that Mr. Pin-kard White, Sr. is capable of caring for his own person, as well as administering his estate.

* * * * * *

The Court would like to say a few things about this case, and that is, first of all, the testimony was uncontradict-ed that Mr. White certainly takes care of his own person. He is able to dress himself, he’s able to eat, he’s able to handle his daily needs, even to the point of feeding his chickens.

The other point in the case is whether or not he can administer his estate or his affairs. Taking into consideration the age of Mr. White, eighty-six (86) years old, together with the fact that at the present time he has no debts, he does have money in the bank, he also is very concerned about payment of any future expenses that he might incur in connec *56 tion with his heart condition, I think all demonstrates to the Court that Mr. White, even though he is old, even though at times he may be forgetful, he is not to the point where his freedom to do with himself and with his property should, in the Court’s opinion, be removed from him. The law is clear that when a petition to have a person be declared incapable is filed, the person or persons who filed the suit must carry the heavy burden of proving to the Court that the person is incapable of handling himself or his affairs. I do not feel in this case that the petitioners have done so. ”
After a careful review of the record, we find the trial court’s determination is well supported. Pinkard Jr. failed to carry his burden of proving his father unable to care for himself and mentally incapable of administering his estate. On the contrary, the record supports that Pinkard Sr. is able to care for his person and administer his estate. The record contains no evidence to the contrary. Accordingly, we find the trial judge properly granted the motion for a directed verdict.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Pin-kard White, Jr.
AFFIRMED.